IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TYRONE B. GREEN,

    Plaintiff,

v.

DOUGLAS POLICE DEPARTMENT;
ROBERT L. SPRINKLE; BRITTANY
BRIDGES; WOODROW BURKHALTER;
DR. JEROME PERKINS; MARK LNUK,
Verizon Wireless Operator; and VERIZON
WIRELESS CELL PHONE COMPANY,

    Defendants.

CIVIL ACTION NO.: CV514-024

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Baldwin State Prison in Hardwick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 for events which allegedly occurred in Coffee County, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Sprinkle and Bridges wrongly accused him of crimes on January 1 and 2, 2012, and Defendants Sprinkle and Bridges falsely imprisoned him as a result. Plaintiff also contends that a tracker was placed on his cell phone on January 9, 2012, without a warrant. Plaintiff executed his Complaint on March 4, 2014 (doc. no. 1, p. 5), and it was filed in this Court on March 17, 2014.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). The statute of limitations for § 1983 claims in Georgia is two years, which is found in O.C.G.A. § 9-3-33. Terrell v. Paulding Cnty., 539 F. App'x 929, 931 (11th Cir. 2013) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)). This Code section provides:

2

> Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

Plaintiff's claims stem from events which allegedly occurred in January 2012. As Plaintiff did not file his Complaint until March 2014, his cause of action was filed untimely and should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** as barred by the applicable statute of limitations period.

Plaintiff has also filed a pleading entitled an "order", which has been docketed as a motion to suppress. To the extent this pleading can be construed as a motion, Plaintiff's motion should be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 27th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)